UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04639-SSS-ACCVx | Date | September 23, 2026 |
| Title | *Michael Chavez v. All Axis Holdings, Inc.* | | |

---

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART, AND DENYING IN PART, MOTION TO DISMISS [DKT. NO. 11]**

Defendant All Axis Holdings, Inc., doing business as Dragonfly Heating and Cooling, moves to dismiss the Complaint for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and for insufficient service of process, Fed. R. Civ. P. 12(b)(5). [Dkt. No. 11, Mot.]. Plaintiff Michael Chavez opposes the motion. [Dkt. No. 19, Opp'n].

Having reviewed the parties' arguments, relevant legal authority, and record in this case. The motion is **GRANTED IN PART AND DENIED IN PART.**

## I. BACKGROUND

All Axis is a heating, ventilation, and air condition repair and installation contractor that is headquartered at 1280 Palmyrita Ave., Suite D., Riverside, California 92507. [Dkt. No. 11-9, Decl. Barry Palmer (Palmer Decl.) ¶ 3]. All Axis uses RP1 Integrations to help communicate with customers about upcoming appointments or to remind them about its regular maintenance services. [Palmer Decl. ¶ 5].

Between 2017 and 2023, All Axis serviced a property in Riverside owned by Hector Chavez.[1] [*Id.* ¶ 9]. Hector provided Michael's phone number to All Axis so that he can serve as All Axis' point of contact. [*Id.* ¶ 11]. According to Michael, he received a marketing message from All Axis. [Dkt. No. 1, Compl. ¶ 21]. He sent a reply text opting out from receiving future messages but nevertheless received several more marketing messages. [*Id.* ¶¶ 22–25].

Plaintiff filed this putative class action against All Axis in the Western District of Texas, claiming that its marketing messages are unwanted and violate the Telephone Consumer Protection Act. [*See* Compl.]. According to an Affidavit of Service dated on January 29, 2026, Abel Silva declares that he delivered the summons and complaint to Sheldon Lane on "December 10, 2025 at 4:27 pm at 1280 Palmyrita Ave Suite D, Riverside, CA 92507[.]" [Dkt. No. 5 at 1–2].

On January 14, 2026, All Axis moved to dismiss the Complaint, arguing the Texas district court lacked personal jurisdiction over it, and that Michael did not properly serve the summons and complaint on it. [*See* Mot.]. All Axis simultaneously moved to transfer this action to the Central District of California. [Dkt. No. 12]. Before ruling on the motion to dismiss, the Texas district court granted the motion to transfer. [Dkt. No. 25].

Now before the Court is the unresolved motion to dismiss.

## II. DISCUSSION

All Axis moves to dismiss the Complaint for two reasons. *First*, it contends the Court lacks personal jurisdiction over All Axis because it has no minimum contacts with Texas. [Mot. at 15–22]. This argument is moot because the action was transferred to California, and All Axis concedes that this Court can exercise general jurisdiction over it. [*Id.* at 15–16]. The motion is thus **DENIED AS MOOT** on this ground.

*Second*, All Axis argues Michael did not properly serve the summons and complaint on it. [*Id.* at 22–25].

---

[1] For clarity's sake, because Hector Chavez and Michael Chavez share the same last name, the Court refers to them by their first name for purposes of this order.

A defendant may move to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). On a Rule 12(b)(5) motion, the plaintiff bears the burden to show that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A plaintiff generally satisfies this burden by producing an affidavit of service. *See Jones v. James Trading Co. Ltd.*, No. CV 19-2674-MWF (JEMx), 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019). "Unless some defect in service is shown on the face of the return, the process server's affidavit is entitled to 'a presumption of correctness' and may be overcome only by 'strong and convincing evidence.'" *Sec. & Exch. Comm'n v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

A domestic corporation may be served in a United States judicial district "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). An individual may be served by following the state service laws of where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). In California, service may be executed "by leaving a copy of the summons and complaint during usual office hours in his or her office . . . and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(a).

According to All Axis, Silva could not have served Lane on December 10 at its Riverside office because the office was closed to allow its employees to attend a funeral. [Mot. at 22–25]. In fact, Lane declares that he attended the funeral, did not return to the office after the funeral concluded, and was never served with the summons and complaint on December 10. [*See* Dkt. No. 11-6, Decl. Sheldon Lane ¶¶ 3–4, 6].

Chavez neither denies that service was not properly executed on December 10, nor does he offer a declaration from Silva explaining this discrepancy. [*See generally* Opp'n]. Instead, he argues this issue is moot because the summons and complaint were re-served on January 29, 2026. [*Id.* at 12–13]. According to the Affidavit of Service dated January 29, 2026, Silva declares he delivered the summons and complaint on January 29 at 10:12 a.m. by leaving a copy of the summons and complaint with Diane Halle, an officer manager authorized to receive service of process on All Axis' behalf. [Dkt. No. 18]. In an unsworn statement, Michael states that his counsel then "mailed a copy of the same to [All Axis'] office, on February 2, 2026." [Opp'n at 12].

While All Axis does not deny that Halle received the summons and complaint on January 29, [*see generally* Dkt. No. 21, Reply], Michael has not

carried his burden of showing service was executed properly. As noted above, Michael bears the burden of showing that service was valid under Rule 4 and California Civil Procedure Code § 415.20(a). Here, although the January 29 Affidavit of Service establishes that the summons and complaint were left at All Axis' office during usual office hours, there is no evidence—apart from the unsworn statement in the opposition—to show that a mailed copy of the same was sent by first-class mail to All Axis' Riverside office.

Accordingly, the motion is **GRANTED** on this ground.[2]

## III. CONCLUSION

For the above reasons, the motion is **DENIED IN PART**, and **GRANTED IN PART**. The Court exercises its discretion and quashes the service as opposed to dismissing the action. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Michael must serve the summons and complaint by October 9, 2026. Failure to do so will result in a dismissal of this action for failure to prosecute and obey court orders. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

[2] For the first time in its reply, All Axis moves for sanctions against Michael for the December 23 Affidavit of Service, which it claims contains perjured statements from Silva. [Reply at 14]. The Court declines to consider this argument at this juncture as it was raised for the first time in the reply. *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000).